IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. BROWN, JR.,

      Plaintiff,                          No.  2: 12-cv-2670 KJM JFM

  vs.

YELLOW FREIGHT TRUCKING, et al.,

      Defendant.                      ORDER AND FINDINGS AND

                                                   RECOMMENDATIONS

_____/

           On October 29, 2012, plaintiff proceeding *pro se* filed a complaint and a motion to proceed in forma pauperis ("IFP").  Under 28 U.S.C. § 1915(e)(2), the court is obligated to deny the motion to proceed in forma pauperis if the allegation of poverty is untrue or the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune.

           All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  See 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

           To prevail on a motion to proceed IFP, a plaintiff need not demonstrate that he is

1

completely destitute but must show that, because of his poverty, he cannot pay the filing fee and still provide his dependents with the necessities of life.  See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).  A "'showing of something more than mere hardship must be made.'" Nastrom v. New Century Mortg. Corp., Civ. No. 11-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting Martin v. Gulf States Utilities Co., 221 F. Supp. 757, 759 (W.D. La. 1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan. 12, 2012).

The information set forth in plaintiff's IFP application does not demonstrate his inability to pay.  The application indicates that his household receives $ 3440.00 per month and he has monthly expenses of $ 2120.00.  See Johnson v. Cargill, Inc., Civ. No. 08-2052, 2008 WL 501341, at *1 (W.D. Tenn. Feb. 21, 2008) (denying motion to proceed IFP where plaintiff's affidavit revealed that her household income exceeded reasonable monthly expenses).  As one court has noted, "[t]he Court is equally mindful that plaintiffs are charged with income to which they have access, such as their spouse's income or other household income, when determining applications to proceed in forma pauperis." Crawford v. Kern County Sch. Dist., Civ. No. 10-0425, 2010 WL 1980246, at *2 n. 1 (E.D. Cal. May 12, 2010) (citing United States v. Marty, 2010 U.S. Dist. LEXIS 2783 (E.D. Cal. 2010) (citing Monti v. McKeon, 600 F. Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed in forma pauperis, . . . courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant . . . If plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."))), report and recommendation adopted by, 2010 WL 2555637 (E.D. Cal. June 21, 2010).  Accordingly, plaintiff's family income is sufficient to allow him to pay the filing fee in this case without causing him to forgo the necessities of life.  Therefore, the motion to proceed IFP should be denied.

Additionally, the federal IFP statute authorizes federal courts to dismiss a case if

the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as legally frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

The complaint must allege in specific terms how each named defendant is

3

1  involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
2  or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423
3  U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588
4  F.2d 740, 743 (9th Cir. 1978).

5         Plaintiff's complaint fails to state a claim. The complaint is two pages in length.
6  It asserts that plaintiff arrived in Sacramento, California in 1992 and that he has found it difficult
7  to obtain work as a truck driver since his arrival. While it lists three defendants, it does not
8  allege in specific terms how each named defendant is involved nor does it show an affirmative
9  link between defendant's actions and the claimed deprivation or allege overt acts of the
10 defendants. Plaintiff asserts in the complaint that all he can think of for why he has not obtained
11 work as a truck driver is his age and his race. However, plaintiff fails to plead factual content
12 that allows the court to draw a reasonable inference that the three named defendants are liable
13 based on racial or age discrimination.

14        Thus, for the foregoing reasons, plaintiff's motion for in forma pauperis will be
15 denied and the complaint should be dismissed for failing to state a claim.

16 /////
17 /////
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1    Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to proceed in
2 forma paupers (Dkt. No. 2) is DENIED.
3    Furthermore, IT IS HEREBY RECOMMENDED that the complaint be dismissed
4 for failing to state a claim.
5    These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
7 days after being served with these findings and recommendations, plaintiff may file written
8 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
11 F.2d 1153 (9th Cir. 1991).
12 DATED: January 7, 2013

_____
UNITED STATES MAGISTRATE JUDGE

14
brow2670.denifp

5